IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MARQUISE ROBBINS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO.: 7:15-CV-00124 (WLS) |
| | : |
| WILLIAM ROBERTSON, *et al.*, | : |
| | : |
| Defendants. | : |

## ORDER

On July 6, 2022, the Court held a Pretrial Conference in this case. At the Pretrial Conference the Parties were ordered to complete briefing on their respective Motions in Limine (Docs. 110, 111 & 112) by no later than Monday, July 18, 2022. Accordingly, briefing has now completed, and the Parties' Motions are ripe for disposition.

**I.     Background**

Plaintiff Marquise Robbins, a practicing Muslim, brought this action *pro se* as a prisoner on July 2, 2015, alleging that Defendants' failure to provide him properly prepared and nutritionally adequate vegan meals violated his rights under the Eighth Amendment, the First Amendment, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (Doc. 1.) In July 2016, Judge Langstaff issued a Report and Recommendation which, among other things, recommended granting the Defendants' motions to dismiss (Docs. 13 & 17) based on "Plaintiff's failure to set forth sufficient allegations of constitutional or federal law violations." (Doc. 26 at 9.) Plaintiff objected, and this Court overruled Plaintiff's Objection and adopted Judge Langstaff's Recommendation and dismissed this case. (Doc. 29.)

Thereafter, Plaintiff filed a Notice of Appeal (Doc. 31), and the Eleventh Circuit Court of Appeals found that the appeal was not frivolous and allowed it to proceed. (Doc. 38.) On July 23, 2019, the Circuit Court issued an unpublished opinion affirming the denial of Plaintiff's second motion to amend, affirming the dismissal of Plaintiff's RLUIPA damages

claim, instructing this Court to dismiss Plaintiff's request for an injunction as moot, and reversing and remanding the dismissal of Plaintiff's First Amendment and Eighth Amendment claims. (Doc. 41.)

While the case was on appeal, Plaintiff obtained legal counsel who continue to represent him in this action.[1] After the Circuit Court issued its mandate, this Court entered a Discovery Order and Protective Order and allowed Plaintiff to file a Third Amended Complaint seeking damages under RLUIPA based on a Supreme Court decision issued on December 10, 2020 that allowed a plaintiff to pursue damages against federal officers under the Religious Freedom Restoration Act (the "RFRA"), *Tanzin v. Tanvir*, 141 S. Ct. 486 (2020). (Docs. 62, 64, 73.) Plaintiff now seeks compensatory damages against all Defendants in an amount to be determined, punitive damages against the individual Defendants in an amount to be determined, reasonable attorney's fees pursuant to 42 U.S.C. § 1988, pre-judgment interest as allowed by law and such other and further relief as the Court demes equitable, just, and proper to make Plaintiff whole. (Doc. 74.)

On August 16, 2021, Defendants filed a Motion for Partial Summary Judgment (Doc. 78), that has since been resolved.[2] (Doc. 99.) Thereafter, a pretrial conference was held on July 6, 2022, and a jury trial is set to begin in this case on August 15, 2022.

**I.    DISCUSSION**

   **A.  Motions in Limine are Disfavored and Preliminary**

As an initial matter, the real purpose of a motion in limine is to avoid the introduction of evidence at trial that is "clearly inadmissible on all potential grounds" and could irretrievably impact the fairness of the trial. *Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.*, No. 2:07-cv-16-FtM-99SPC, 2011 U.S. Dist. LEXIS 14521, at *6-7 (M.D. Fla. Feb. 2, 2011) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). Indeed, because the context at trial often determines the admissibility of evidence, "[i]n limine rulings to admit or exclude evidence are always

---

[1] Plaintiff has also represented that he is no longer incarcerated. (Doc. 83 at 31.)

[2] The Court notes for the purposes of the record that Defendant's Motion for Partial Summary Judgment (Doc. 78) was granted in part and denied in part, by Order of this Court. (Doc. 99.) This Court granted Defendant's summary judgment on Plaintiff's RLUIPA claim but denied it on Plaintiff's Eighth Amendment claim on which a genuine issue of material fact remains. (*Id.*) Plaintiff's First Amendment claim was not addressed. (*Id.*)

preliminary and conditioned on what the evidence shows at trial." *Rosenfeld v. Oceania Cruises, Inc.*, 682 F.3d 1320, 1325 (11th Cir. 2012) (citing *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial.")). And relevance is intentionally a broad concept— "[e]vidence is relevant if it has any tendency to make a [consequential] fact more or less probable than it would be without the evidence." Fed.R.Evid. 401. This means that various types of evidence could potentially be relevant at trial notwithstanding a movant's in limine position. Furthermore, a trial court can promptly instruct a jury to disregard improper testimony or inadmissible evidence, and "[i]n many such cases the jury can and will follow the trial judge's instructions to disregard such information." *United States v. Astling*, 733 F.2d 1446, 1455 (11th Cir. 1984); *United States v. Fuentes*, 521 F. App'x 911, 911 (11th Cir. 2013).

As such, the Court disfavors motions in limine and retains the discretion to change any rulings on evidence made herein based on a party's objections, evidence, or arguments at trial. However, no counsel, party, or witness may reference excluded evidence before counsel first notices the Court and opposing counsel outside of the presence of the jury and obtains the Court's ultimate ruling regarding the same. Counsel shall make proper and timely objections at trial as to any evidence or argument they consider inadmissible or in violation of an *in limine* Order previously entered by the Court.

### B. Resolution of the Motions in Limine

#### 1. Plaintiff's Motion in Limine to Exclude Trevor Robinson as a Witness (Doc. 112) is GRANTED.

On July 6, 2022, Plaintiff filed a Motion in Limine, seeking to prohibit Defendants from calling as a witness, or introducing the testimony of, Trevor Robinson at trial. (Doc. 112.) Plaintiff moves to exclude the testimony of Trevor Robinson, as Defendants did not disclose their intent to call Trevor Robinson as a witness in their initial disclosures as is required by Fed. R. Civ. P. 26(a). (*Id.*) Defendants have responded that they do not oppose Plaintiff's Motion to exclude Trevor Robinson as a witness.[3] (Doc. 117.)

---

[3] The Court notes for the purposes of the record that both Parties do not object to Amy Pataluna testifying at trial, despite Defendant's failure to similarly identify Ms. Pataluna in their initial disclosures. (Docs. 112 and 117.)

3

Federal Rule of Civil Procedure 37 allows the Court to impose sanctions, including exclusion, on motion for a party's failure to make proper disclosures or to comply with a discovery order. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). "'The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party.'" *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). Here, Plaintiff has filed a motion in limine rather a motion pursuant to Rule 37 but argues that exclusion is appropriate based on Defendant's failure to identify Trevor Robinson during the discovery period or in their initial disclosures. (Doc. 112.) Nonetheless, courts apply the same standard for exclusion under a motion in limine as they do for a Rule 37 motion to exclude. *See, e.g., Davis v. Green*, No. 1:12-cv-3549-WSD, 2015 U.S. Dist. LEXIS 73714, at *5 (N.D. Ga. June 8, 2015); *Betancourt v. Mangual's Gen. Servs.*, No. 15-24691-Civ, 2017 U.S. Dist. LEXIS 108281, at *11 (S.D. Fla. July 13, 2017).

In the present case, Defendants did not identify Trevor Robinson during the discovery period or in their initial disclosures as is required. Therefore, Plaintiff's Unopposed Motion to Exclude Trevor Robinson as a witness (Doc. 112) is **GRANTED**. Neither party shall be permitted to call as a witness, or introduce the testimony of, Trevor Robinson at trial.

### 2. Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Prior Convictions, Other Lawsuits and Unrelated Grievance History is GRANTED IN PART and DENIED IN PART (Doc. 111.)

On July 6, 2022, Plaintiff filed a Motion in Limine to preclude Defendants from presenting two (2) forms of evidence. (Doc. 111.) First, Plaintiff's move to exclude evidence of Plaintiff's prior conviction, or the details surrounding the offense, as impeachment evidence, or instead only permit Defendants to introduce the fact that Defendant was convicted of a felony. (*Id.*) Second, Plaintiff moves to exclude evidence of other lawsuits and Plaintiff's grievance history as irrelevant, unduly prejudicial and because it constitutes improper character evidence. (*Id.*, at 6.)

In Response, Defendants contend that pursuant to Fed. R. Evid. 609(a)(1)(A), evidence of Plaintiff's prior conviction, "must be admitted, subject to Rule 403, in a civil case" for the

4

purpose of "attacking a witness's character for truthfulness." (Doc. 116 at 2.) Defendants also note that they do not intend to present evidence of Plaintiff's other lawsuits or grievance history as exhibits at trial, but that evidence may be admissible for the purpose of impeachment and therefore the Court should avoid ruling on this issue until Plaintiff testifies at trial. (*Id.*, at 1.)

### a) Plaintiff's Motion to Exclude Evidence of Plaintiff's Prior Conviction (Doc. 111) is GRANTED IN PART AND DENIED IN PART

As explained at the pretrial conference, the exclusion of evidence largely depends on the facts and circumstances developed at trial. In the present case, Plaintiff contends that evidence of Plaintiff's prior convictions should be excluded as it is irrelevant under Fed. R. Evid. 401 & 402, highly prejudicial under Fed. R. Evid. 403 and would constitute improper impeachment evidence under Fed. R. Evid. 609(a). (Doc. 111.) Defendants in response contend that evidence of Plaintiff's prior convictions must come in under Fed. R. Evid. 609(a)(1)(A) and that Rule 403's balancing test does not favor exclusion in the present case.

As an initial matter, evidence of Plaintiff's prior conviction is not completely irrelevant as Plaintiff claims. This case involves First and Eighth Amendment claims relating to Defendants' alleged failure to provide Plaintiff with a religiously adequate diet, while incarcerated. (Doc. 111.) If this Court were to preclude Defendants from mentioning Plaintiff's prior conviction entirely, as Plaintiff requests, it would place Defendants in a Catch-22 position where Defendants could run afoul of this Court's Order merely by stating the nature of the case. Plaintiff recognizes this conundrum in their Reply, where they note that the jury will "unavoidably learn of [Plaintiff's] incarceration." (Doc. 122 at 3.)

Furthermore, Defendants are correct that if Plaintiff were to take the stand as a witness, evidence of Plaintiff's prior convictions that were "punishable by death, or by imprisonment for more than one year" "must be admitted, subject to Rule 403, in a civil case." Fed. R. Evid. 609(a)(1)(A).[4] (Doc. 116.) Plaintiff was previously convicted of gang participation, attempted

---

[4] The Court notes for the purposes of the record that Plaintiff contends that since Plaintiff's conviction is over ten (10) years old, a "presumption against admissibility" arises for the purposes of impeachment under Fed. R. Evid. 609(b). *United States v. Young*, 574 F. App'x 896, 898 (11th Cir. 2014). That argument is misplaced as Fed. R. Evid. 609(b) does not apply in the present case. Fed. R. Evid. 609(b) does not apply because Plaintiff was not released from confinement more than ten (10) years ago and Fed. R. Evid. 609(b) only applies if "more

5

murder, and voluntary manslaughter, all of which are punishable by terms of imprisonment of more than one year, which establishes a presumption of admissibility. (Doc. 111 at 2.)

As Plaintiff correctly notes, however, the risk of prejudice posed by admitting Plaintiff's prior convictions for crimes of violence is high. (Doc. 122 at 3.) Accordingly, this Court is required to conduct a Rule 403 balancing test. Pursuant to Fed. R. Evid. 403 the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." However, the United States Court of Appeals for the Eleventh Circuit has directed that Rule 403 is "an extraordinary remedy which should be used sparingly." *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014) (quoting *United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983)).

In the present case, the probative value of Plaintiff's conviction for crimes of violence are substantially outweighed by the danger of undue prejudice, or confusion of the issues, for the purposes of impeachment. Whether Plaintiff was convicted of a crime of violence, and the facts surrounding that conviction, have little bearing on whether Defendants violated Plaintiff's First and Eighth Amendment rights while incarcerated. However, since Rule 403 weighs in favor of inclusion, and this Court can curtail the prejudicial effect by admitting evidence that has substantially the same probative value, Plaintiff's Motion in Limine (Doc. 111) to preclude Defendants from introducing evidence of Plaintiff's prior convictions is **GRANTED IN PART**. *See Old Chief v. United States*, 519 U.s. 172, 191 (1997) (district court abused discretion by not admitting an evidentiary alternative that had same probative value as details of prior conviction, but lesser danger of unfair prejudice.) It is hereby ORDERED that Defendants are precluded from inquiring into the underlying facts of Plaintiff's conviction. To the extent that Plaintiff seeks the wholesale exclusion of Plaintiff's prior conviction, however, Plaintiff's Motion in Limine (Doc. 111) is **DENIED**. Further, if the prior convictions are admitted, the Court will give a limiting instruction to the jury.

---

than 10 years have passed since the witness's conviction or release from confinement for it, **whichever is later**." (Emphasis added).

b) **Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Other Lawsuits and Grievances (Doc. 111) is DENIED WITHOUT PREJUDICE.**

As explained *supra* the exclusion of evidence largely depends on the facts and circumstances developed at trial. In the present case, Plaintiff contends that evidence of Plaintiff's prior lawsuits and grievances should be excluded as it is irrelevant under Fed. R. Evid. 401 & 402, unduly prejudicial under Fed. R. Evid. 403 and would constitute improper impeachment evidence under Fed. R. Evid. 404. Doc. 111.) Defendants in response note that they do not intend to present evidence of Plaintiff's other lawsuits or grievance history at trial, as exhibits, but that such evidence may be admissible for the purposes of impeachment if Plaintiff testifies to facts that are inconsistent with his other lawsuits and grievances. (Doc. 116.)

In the present case, Plaintiff's arguments are too vague and speculative and there are potential grounds that would render evidence of Plaintiff's prior lawsuits and grievances admissible. Accordingly, Plaintiff's Motion in Limine (Doc. 111) as it pertains to the exclusion of Plaintiff's prior lawsuits and grievance history is **DENIED WITHOUT PREJUDICE**. The Parties may make argument and objections at trial to establish whether such evidence is subject to exclusion. However, such evidence shall not be presented or mentioned in the presence of the jury without prior notice to the Court and Opposing Counsel, outside the presence of the jury and without prior permission by the Court.

### 3. Defendants' Motion in Limine. (Doc. 110.)

On July 5, 2022, Defendants filed a Motion in Limine (Doc. 110) seeking to preclude Plaintiff's from presenting eight (8) different categories of evidence. Defendants move to exclude: (1) evidence of insurance coverage; (2) any action or inaction by the State of Georgia or the Georgia Department of Corrections; (3) any violations of Georgia Department of Corrections Policies; (4) any argument or suggestion that this case should be decided on the basis collective liability, *respondeat superior*, supervisory liability, or official capacity; (5) any "other act" evidence; (6) Defendant Robertson's personnel file; (7) Plaintiff's written declaration; and (8) any witness statements and declarations proffered by other inmates. (Doc. 110.)

As this Court has previously stated, Motions *in limine* that are "broad, vague," and include "speculative categories of evidence and argument of which the Court cannot predetermine the admissibility" are due to be denied, as "the real purpose of a motion in limine is to avoid the introduction of evidence at trial that is 'clearly inadmissible on all potential grounds' and could irretrievably impact the fairness of the trial. *Tate v. Church Hill Trucking Inc.*, 2021 U.S. Dist. LEXIS 257870 (M.D. Ga. June 3, 2021) (quoting *Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.*, U.S. DIST. LEXIS 14521 (M.D. Fla. Feb. 2, 2011). In the present case Defendants' Motion *in limine* (Doc. 110) is too broad and vague, and includes too many speculative categories of evidence, for this Court to grant Defendants' motion as written. For example, Defendants do not identify and elaborate upon which violations of Georgia Department of Corrections Policies they wish to exclude[5], Defendants do not identify the "other act" evidence they wish to exclude, and Defendants have not explained exactly what makes the declarations of other inmates' inadmissible hearsay. (Docs. 110-1 & 21.) Furthermore, the other forms of argument and evidence[6] that Defendants wish to exclude is not clearly inadmissible on all grounds. That evidence's admissibility must be determined based on the context in which it is presented at trial. Accordingly, Defendants' Motion *in Limine* (Doc. 110) is **DENIED WITHOUT PREJUDICE** as to all evidence and argument, subject to Defendants' right to renew specific objections at trial. However, such evidence shall not be presented or mentioned in the presence of the jury without prior notice to the Court and Opposing Counsel, outside the presence of the jury and without prior permission by the Court.

---

[5] The Court notes for the purposes of the record that Defendants cites Plaintiff's exhibits, but that this Court does not have access to the exhibits at this time as the Parties are not required to file discovery.

[6] The Court notes for the purposes of the record that those other forms of argument and evidence are as follows: (1) evidence of insurance coverage; (2) any action or inaction by the State of Georgia and Georgia Department of Corrections, (3) argument or suggestion that this case should be decided on the basis of collective liability or *respondeat superior*, (4) Defendant Robertson's personnel file and (5) Plaintiff's declarations. (Doc. 110-1.)

## **CONCLUSION**

In conclusion, Plaintiff's Motion to exclude Trevor Robinson as a Witness (Doc. 112) is **GRANTED**. Plaintiff's Motion to exclude evidence of Plaintiff's prior convictions, other lawsuits and grievances (Doc. 111) is **GRANTED IN PART** and **DENIED IN PART**. Defendants shall be precluded from introducing or inquiring into the underlying facts of Plaintiff's conviction(s), but the Parties shall be required to make argument at trial as to why or why not the offense of conviction and other grievances should be submitted. Finally, Defendants' Motion to exclude eight forms or argument and evidence is **DENIED WITHOUT PREJUDICE**, subject to Defendants' right to renew specific objections at trial.

**SO ORDERED**, this 28th day of July 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**