IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MARQUISE ROBBINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:15-CV-00124 (WLS) |
| | : | |
| WILLIAM ROBERTSON, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

On July 7, 2022, this Court ordered the Parties to inform the Court whether they believed that a general or specialized verdict form – or some combination thereof – was appropriate in this case. (Doc. 115.) Any corresponding briefs on this issue were due by no later than the close of business, Thursday, July 21, 2022. (*Id.*) The Parties submitted additional briefing (Docs. 125 & 126) in support of their preferred verdict forms, on Thursday, July 21, 2022. Accordingly, briefing has now concluded, and this issue is ripe for disposition.

It is Plaintiff's position that a general verdict form is appropriate in this case, as this is a simple, clear-cut suit alleging violations of Plaintiff's First and Eighth Amendment rights. (Doc. 125.) Accordingly, Plaintiff's contend that their proposed general verdict form (Doc. 106) is more appropriate than Defendant's proposed special verdict form, as it will reduce the risk of jury confusion, and Defendants' proposed special verdict forms (Doc. 109) are unduly complicated and unnecessarily superfluous.

In response, Defendants note that they have "four objections to Plaintiff's proposed general verdict form on the basis that it misstates the law or could mislead the jury regarding the damages available to Plaintiff under the PLRA." (Doc. 126.) Specifically, Defendants contend that Plaintiff's proposed general verdict form does not accurately state the damages that Plaintiff is entitled to under the PLRA.[1] (*Id.*) Second, Plaintiff's proposed verdict form

---

[1] Specifically, Plaintiff's proposed form does not clearly distinguish between nominal and compensatory damages but permits the jury to fill in such damages in the same check box.

misstates the law on when the jury can assess compensatory damages. (*Id.*) Third, Plaintiff's proposed verdict form misleads the jury as to when the jury may assess punitive damages. (*Id.*) Finally, Plaintiff's proposed instruction omits key language from the Eleventh Circuit's Pattern Jury Instructions, despite citing it as a source, and in so doing misstates the law about the damages available under the Prison Litigation Reform Act of 1995 ("PLRA"). (*Id.*)

In the present case, Defendants are correct that Plaintiff's proposed generalized verdict form (Doc. 106) is unusable as written. Plaintiff's proposed generalized verdict form is unusable as written because it does not adequately distinguish between nominal and compensatory damages, misrepresents the law on when a jury can award compensatory damages, and lacks any limitation on when a jury can assess punitive damages. (Doc. 106.) However, Plaintiff is also correct that Defendants specialized verdict form (Doc. 109) contains unnecessarily confusing legalese, that could confuse the jurors on the issues.

As Defendants proposed special verdict form is substantively similar to the United States Court of Appeals for the Eleventh Circuit's pattern jury instructions for PLRA, however, the Court shall utilize Defendant's specialized verdict form as a template, in preparing its own verdict form. Accordingly, Plaintiff's Motion for a General Verdict Form (Doc. 125) is **DENIED**. The Court shall issue its own verdict form, allowing for review and comment by Counsel, based on the United States Court of Appeals for the Eleventh Circuit's pattern jury instructions for suits involving the PLRA, with appropriate adjustments for the requirements of the instant case. *See Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2022, Appendix C. 5.13.*

**SO ORDERED**, this 29th day of July 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**